James S. Cox et al., Respondents, *v.* Edgar O. Pearce et al., as Executors, etc., Impleaded, etc., Appellants.

Prior to November, 1878, plaintiffs, who were coal dealers, through M., a coal broker, and their special representative in procuring orders, made frequent sales of coal to the firm of P. & H. The purchasers in giving the orders understood that they related to plaintiffs' coal. Plaintiffs paid M. his commissions and employed him to carry the coal sold from their wharf to the factory of P. & H., and paid him for this service. The bills were sent by mail, but in most instances M. received the checks of P. & H. and receipted the bills in the name of plaintiffs' firm, per M., he delivering the checks to plaintiffs, who received them without objection. In 1878 P. retired from the firm and the business was thereafter continued in the same firm name by one of the original members and two new partners. In November, 1878, M. called at the factory of the firm, saw P., and asked in regard to another order. P. replied that he had retired from the concern and referred him to his son, one of the new partners. M. saw the son and, in pursuance of a conversation with him, plaintiffs subsequently delivered a cargo of coal. In 1884 M. sold to the firm for plaintiffs a cargo of coal. In an action to recover the purchase-price thereof, in which P. was sought to be charged as a partner, *held*, that the relation of M to plaintiffs was such as to charge them with the notice given to him, in 1878, by P. of his withdrawal from the firm; that P. had a right to assume that it was within the scope of M.'s agency to receive the notice on behalf of his principals, and that the action was not maintainable.

Also, *held*, that it was immaterial that when the sale, which is the subject of this action, was made M. had forgotten the notice given to him by P.

Notice to a party, actual or constructive, in a particular transaction, of a fact which exempts a defendant from liability in that transaction, is notice as to all subsequent transactions of the same character between the same parties.

(Argued February 5, 1889; decided March 5, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 9, 1887, which directed judgment to be entered in favor of plaintiffs upon a verdict directed by the court, subject to the opinion of the General Term.

This action was brought by plaintiffs, who were members of the firm of Cox & Rockwell, engaged in the coal business, to recover from defendants, who were alleged to be members of the firm of Pearce & Hall, the price of a cargo of coal sold to said firm, through one George Marriott, on May 31, 1884. The defendant Hosea O. Pearce died after the suit was commenced, and his executors were substituted in his place. They defended on the ground that their testator was not a member of said firm at the time of the sale, he having retired therefrom in 1878; that Marriott, who represented the plaintiffs, was informed of such retirement at the time, and plaintiffs were chargeable with such notice.

Further facts are stated in the opinion.

*Albert G. McDonald* for appellants. The plaintiffs' firm of Cox & Rockwell, formed in 1882, in whose present demand Rockwell is equally interested with Cox, can have no claim against Hosea O. Pearce by reason of the alleged absence of notice to Cox of his retirement in November, 1878. (*Pringle* v. *Leverick* 97 N. Y. 185; Abbott's Trial Evidence, 233; Story on Part. [7th ed.] § 160; *Scarf* v. *Jardine*, L. R., 7 App. Cas. 345; Wade on Notice, § 489.) The actual notice of his retirement, given in 1878 by Hosea O. Pearce to George Marriott, the customary representative of Cox & Boyce, at the very time when Marriott was endeavoring to effect another sale of coal for Cox & Boyce, and in immediate relation to his duties to them in the premises, was notice to Cox & Boyce, and his knowledge then obtained was, in legal effect, the knowledge of plaintiff Cox. This result is not affected by the consideration whether Marriott then fulfilled his duty and communicated the fact to his principal, Cox, or neglected his duty by failing to so communicate it. (*Bank of U. S.* v.

*Davis,* 2 Hill, 451; Story on Agency [8th ed.] § 140; Ewell's Evans' on Agency, § 164; Edwards on Brokers and Factors, §§ 83, 97; *Sutton* v. *Dillaye,* 3 Barb. 529; *Page* v. *Brant,* 18 Ill. 37, 39; *Ingalls* v. *Morgan,* 10 N.Y. 184.)

*John Brooks Leavitt* for respondents. An outgoing partner of a firm, to relieve himself from liability for the subesquent acts of his copartner, must give former dealers on credit actual notice. (*Clapp* v. *Rogers,* 12 N. Y. 283; *A. L. T. Co.* v. *Wortendyke,* 24 id. 550; *Howell* v. *Adams,* 68 id., 376; *Austin* v. *Holland,* 69 id. 571.) As to persons who are not former dealers, but who knew of his membership, he must give notice by advertisement in a newspaper. (*City Bank of Brooklyn* v. *McChesney,* 20 N. Y. 240; *Davis* v. *Allen,* 3 Comst. 168; *Wood* v. *Erie Railway,* 9 Hun, 648.) As to strangers, notice by advertisement may be unnecessary if his retirement was so notorious that constructive notice should be imputed as well in that way. (*Wardwell* v. *Haight,* 2 Barb. 549.) He must take his name out with him, for if he leaves it behind him he is to be considered as still holding himself out as a partner whatever may be his real relation. (*Vernon* v. *Manhattan Co.,* 22 Wend. 193; 20 N. Y. 243; Story on Part. §§ 160, 161.) A notice, in a casual conversation, to a person not shown by him to represent the creditor for any such purpose, but shown by the creditor to have had no authority to represent him for any purpose, is not sufficient. (1 Pars. on Cont. [7th ed.] 81; id. [6th ed.] 80; *Housemann* v. *Gerard,* 81 Penn. St. 256; *Pringle* v. *Dunn,* 37 Wis. 449; *Boardman* v. *Taylor,* 66 Ga. 638; *Peper* v. *George,* 51 Ala. 190; Story on Agency, § 140; Wade on Notice, § 687.) Knowledge cannot be imputed to a principal unless it is shown to have been present in the agent's mind at the time of the transaction in question. (*Distilled Spirits,* 11 Wall. 356; *Chouteau* v. *Allen,* 70 Mo. 341; *Yerger* v. *Barz,* 51 Iowa, 81; *Leb. Sav. Bank* v. *Hollenbeck,* 29 Minn. 322; *Fairfield Sav. Bank* v. *Chase,* 72 Me. 226; 39 Am. 322–331.) Marriott's knowledge cannot be imputed to Cox & Boyce, the

predecessors of Cox & Rockwell. (1 Pars. on Cont. [7th ed.] 81; id. [6th ed.] 80.) If an outgoing partner relies on notice to an agent, he must show that the agent was an agent for such a purpose, that it was fairly within the scope of his agency. (Wade on Notice, § 502; Abb. Trial Ev. 224; *Weisser* v. *Dennison*, 10 N. Y. 77; *Sonneborn* v. *Stewart*, 49 Ala. 178.) If it is claimed that a broker who negotiated a sale became the agent of either party, the burden is on him so alleging to prove it. He must show that in the particular instance, or by a course of dealing, something was said or done which made the broker such agent. (Webster; Worcester; Stormouth; *Tonro* v. *Cassin*, 1 N. & M. 173; *Coddington* v. *Goddard*, 82 Mass. 436, 445; *Fulton Bank* v. *N. Y. S. C. Co.*, 4 Paige, 127; *Powles* v. *Page*, 3 C. B. 14; *A. S. Bank* v. *Savery*, 82 N. Y. 291; *Roach* v. *Karr*, 18 Kan. 529; *Davis, etc., Co.* v. *Davis, etc., Co.*, 20 Fed. Rep. 699; *Brown* v. *B. & B. T. Co.*, 30 Md., 39; *Barnes* v. *T. G. L. Co.*, 12 C. E. Gr. 33; *De Kay* v. *H. W. Co.*, 38 N. J. Eq. 158; *Ford* v. *French*, 72 Mo. 250; *Templeman* v. *Hamilton*, 37 La. Ann. 754 · 16 Am. Law Reg. [N. S.] 1.)

Andrews, J. The notice given in 1878, by Hosea O. Pearce to Marriott, on the occasion of the application of Marriott to him for an order from Pearce & Hall for another cargo of coal, that he had retired from that firm, was, we think, notice to Cox & Boyce. It is conceded that Hosea O. Pearce withdrew from the firm of Pearce & Hall November 1, 1878, and that the business was continued thereafter under the same firm name by one of the partners in the original firm and two new members associated with him. The only serious question upon the effect of the notice given to Marriott arises upon the point whether he was in law the agent of Cox & Boyce, and received the notice in that capacity, so that knowledge of the dissolution communicated to him by the retiring partner of the firm of Pearce & Hall, was imputable to Cox & Boyce. If the knowledge of Marriott was acquired in the course of his agency, and while engaged in a transaction

for Cox & Boyce, which made the disclosure to him suitable, and the receiving of such notice was within the scope of his agency, it was, in law, notice to his principals, although never communicated to them.   The failure of Marriott to communicate the information, constituted, on the assumption stated, a breach of duty to his principals, but as to Pearce the notice had the same effect as though the duty had been faithfully performed.  (*Ingalls* v. *Morgan,* 10 N. Y. 178; Story on Agency, § 140, and cases cited.)   So, also, on the assumption that Marriott was the agent of Cox & Boyce to receive the notice, it is of no consequence that in 1884, when the sale was made which is the subject of this action, he had forgotten it, and it was not present in his mind or recollection.   If in 1878 Cox & Boyce had actual or constructive notice that Hosea O. Pearce had withdrawn from the firm, it operated once for all as a revocation from that time of any authority to deal with the new firm on the credit of his name, and he could only be bound by new transactions on proof of a fresh authority.   The doctrine that notice to an agent before his employment as agent, or notice not acquired in the very transaction which is the subject of investigation, does not bind the principal as a constructive notice, except under certain limitations, is a generally accepted principle in the law of agency.  (*Distilled Spirits,* 11 Wall. 356 ; *Fairfield Savings Bank* v. *Chase,* 72 Me. 226.)   But if the principal already had notice, actual or constructive, of a fact material to the new transaction, the new dealing must be judged and the rights of the parties must be determined on the assumption that the fact of which he had prior notice, actual or constructive, was then known to him.   In other words, notice to a party, actual or constructive, in a particular transaction, of a fact which exempts a defendant from liability in that transaction, is notice in all subsequent transactions of the same character between the same parties.

The case, in the aspect we are now considering, comes to the question whether Marriott, when he was notified by Pearce

in 1878 that he had withdrawn from the firm, was the agent
of Cox & Boyce in such a sense that notice to him was
notice to his principals. Cox & Boyce were coal dealers,
and Marriott was a coal broker. But while he was not a sales-
man for, nor an employe of, Cox & Boyce in the usual sense,
he, nevertheless, was their special representative in procuring
orders from Pearce & Hall for coal. The orders were fre-
quent. All the sales made by Cox & Boyce to Pearce &
Hall were made through Marriott, and the purchasers, in
giving the orders, understood that they related to coal of Cox
& Boyce. Cox & Boyce paid Marriott his commissions,
and they employed him to carry the coal sold from their wharf
to the factory of Pearce & Hall, and paid him for this service.
The bills were sent by mail; but in most instances Marriott
received the checks of Pearce & Hall, and receipted the bills
in the name of Cox & Boyce, "per George Marriott." It is
stated in the case that he received the checks and receipted
the bills without previous authority. But he delivered the
checks to Cox & Boyce, who received them without objection.

Marriott was accustomed to call at the factory of Pearce &
Hall, from time to time, to solicit orders upon Cox & Boyce.
Soon after November 1, 1878, he called for that purpose,
and then saw Hosea O. Pearce, and stated to him "that he
wanted to know if Pearce & Hall were ready for another
cargo of coal." Pearce replied "that he had retired from
the concern and should do no more buying," and referred
him to his son, one of the new partners. Marriott, on the
same visit, saw the son, and pursuant to a conversation then
had with him, Cox & Boyce subsequently delivered a cargo
of coal. The sale for which this action was brought was
made in 1884, six years after through Marriott. We are of opin-
ion that the relation of Marriott to Cox & Boyce was such as
to charge that firm with the notice given to Marriott in 1878,
by Hosea O. Pearce, of his withdrawal from the firm of
Pearce & Hall. The notice was material to the very negotia-
tion in which Marriott was then engaged, and it was his duty
to inform Cox & Boyce of the information he received,

cause it be was a material fact bearing upon the question whether they should fill the order then made. Marriott, in his dealings with Pearce & Hall, was not acting simply as a broker in the general sense. In receiving orders from Pearce & Hall he was acting exclusively in the interest of Cox & Boyce, and it was so understood by the vendor and purchaser. Cox & Boyce permitted him to exercise powers, limited, it is true, but such as are usually exercised by agents. The occasion called for the notification given by Pearce to Marriott  The application for another order was made to the former according to the course of business prior to that time, and good faith required Pearce to make the disclosure, and we think he had a right to assume that it was within the scope of Marriott's agency to receive it in behalf of his principals.

These views lead to a reversal of the order. Judgment reversed, and judgment absolute ordered for the defendants, with costs.

All concur.

Judgment accordingly.