NICHOLAS POWERS, as Administrator, etc., of SARAH POWERS, Deceased, Respondent, *v*. THE PRUDENTIAL INSURANCE COMPANY of America, Appellant.

*Acceptance of premiums on an insurance policy — a waiver of a forfeiture — authority of an agent — not necessarily limited by his instructions.*

If an insurance company receives payment of premiums, which are in arrear, as premiums upon the policy, such payment as a matter of law will constitute a waiver of the forfeiture of the policy, by reason of the non-payment of premiums, and will revive the policy, but if such payment is only received subject to the granting of an application to revive the policy, then it will not be revived as a matter of law by the mere payment and acceptance of the premiums.

In determining the authority of agents, their instructions are not necessarily controlling, and, although an agent be instructed to do one thing or to exercise only a limited authority, if he is knowingly habitually suffered to exercise a greater authority, the principal is bound by the authority he has allowed his agent to exercise, notwithstanding his instructions to the contrary.

APPEAL by the defendant, The Prudential Insurance Company of America, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 7th day of June, 1893, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 29th day of June, 1893, denying the defendant's motion for a new trial made upon the minutes

The charge of the court to the jury was, in part, as follows:

"If they received the past premiums on that policy, the premiums that were in arrears as premiums on that policy, that, as a matter of law, would undoubtedly waive the forfeiture, and, from their acceptance of it, it would be in force. Now that you have heard the testimony. The sister tells the story of what took place when she paid the premiums. She says that she paid the premiums; that she could not read or write, and that nothing was said of its being conditioned upon an application for a revival. On the other hand, the clerk says he cannot remember what he said to her, but that he gave her those receipts, which express that the money is received, with reference to an application made to revive the policy, but not as an absolute revival of it. You will determine that question of fact between these parties. If they received this money as past due premiums, without any other arrangement or qualification, then that revived this policy; but if only as an application to revive it, then it is not revived."

*Thomas F. Magner*, for the appellant.

*Charles J. Patterson*, for the respondent.

DYKMAN, J.:

This action was brought upon a policy of insurance upon the life of the plaintiff's intestate, Sarah Powers, deceased.

The defense interposed was that the policy had lapsed and become null and void by reason of the non-payment of the premiums thereon.

The cause was tried at the Circuit before a jury, and the plaintiff recovered a verdict. The defendant has appealed from the judgment entered upon the verdict, and from the order denying the motion for a new trial upon the minutes of the court.

The rendition of the verdict is sufficient to justify the assumption by this court that the jury found the facts involved in favor of the plaintiff.

Inasmuch, therefore, as the evidence presented to the jury fully justified the inference that the forfeiture of the policy had been waived by the company, we discover no reason for interference with the judgment.

Upon the question of the forfeiture the trial judge charged the jury that if the company received the payment of the premiums which were in arrear as premiums upon the policy, such payment, as a matter of law, would constitute a waiver of the forfeiture and a revival of the policy, but if such payment was only received as an application to revive the policy, then it was not revived.

The trial judge further charged the jury that "in determining the authority of agents the instructions are not necessarily controlling; that is to say, if you instruct your agent to do one thing or to exercise only limited authority, and you knowingly habitually suffer him to exercise greater authority, you are bound by the authority you allow him to exercise, your instruction to the contrary notwithstanding."

Those instructions contained a fair exposition of the law, and as the verdict rendered by the jury was supported by evidence we detect no reason for interference.

The judgment and order denying the motion for a new trial should be affirmed, with costs.

BROWN, P. J., concurred; CULLEN, J., not sitting.

Judgment and order affirmed, with costs.