AMERICAN CENTRAL INSURANCE COMPANY, Respondent, *v.* JOHN B. HAGERTY and ANDREW M. PLATT, Appellants.

*Insurance — instruction to an agent to cancel a policy — waiver by the company of the agent's failure to cancel it.*

Where upon the trial of an action the court refuses to submit any question to the jury, the party against whom judgment is rendered is entitled to the benefit of any evidence which would have justified the jury in finding in his favor and, in that connection, to any and all inferences that might legitimately be drawn from such evidence.

Notice to a general agent of an insurance company is notice to the company.

The execution, by an agent of an insurance company, of a request made by the insurance company to him, that he cancel and return an existing policy, may be waived by the company; such waiver need not be based upon any new agreement nor upon an estoppel.

In an action brought by an insurance company to recover damages of the defendants, local agents of the company, because of their failure to cancel a policy of insurance pursuant to instructions given to them by the company, it appeared that the plaintiff, wishing to be relieved from the risk covered by such policy, wrote to the defendants by its general agents on July 9, 1891, to that effect, to which the defendants replied recommending that the policy be allowed to stand on the ground that they thought the risk a good one. Thereafter the general agents wrote two letters to the defendants, in which they asked that the policy be returned to their files, to which they received no answer. On August 26, 1891, the general agents drew upon the defendants for balances a draft which included the premium on the policy in question. It further appeared that the reports made by the defendants down to April, 1892, of policies which had been canceled showed that the policy in question had not been canceled, nor was the unearned premium ever returned to the insured.

A loss under the policy having occurred in March, 1892, the general agents mailed to the agent who had succeeded the defendants a blank proof of loss for execution, and in a subsequent letter stated that they had requested the company to send a draft for the loss.

Thereafter, in June, 1892, the company commenced this action, upon the trial of which the court directed a verdict for the plaintiff.

*Held*, that the direction of a verdict for the plaintiff was erroneous;

That upon the facts presented by the evidence it was proper to submit to the jury the question whether the plaintiff had not waived the demand for a cancellation of the policy.

APPEAL by the defendants, John B. Hagerty and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chenango on the 26th day of March, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Chenango Circuit, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 10th day of April, 1894, denying the defendants' motion for a new trial made upon the minutes and denying their motion for a dismissal of the complaint.

Plaintiff is a foreign corporation having its principal place of business in the State of Missouri and duly authorized to transact business in this State as a fire insurance company. Defendants were its local agents at the village of Plattsburg, and while acting as such agents for the plaintiff they issued to Phillips & Casey, of Rouse's Point, a policy of fire insurance, known as No. 450825, on certain personal property mentioned in the policy, by means of which the plaintiff became an insurer to the said Phillips & Casey for the sum of $1,000 against loss and damage by fire for the term of one year in consideration of the payment of a premium of sixteen dollars and fifty cents.

It is alleged in the complaint that on July 9, 1891, by virtue of the terms and conditions of the policy, the plaintiff directed the defendants to cancel and discontinue the said policy, and that the defendants failed to carry out the directions thus given by continuing, or permitting to be continued, the policy, and that on March 4, 1892, the property mentioned in the policy was destroyed by fire, and the plaintiff became liable to and did pay to Phillips & Casey the sum of $977.15; and it is alleged that the defendants, by reason of the failure to obey the said orders and directions, have

caused an injury to the plaintiff to the extent of the sum so paid less the amount of the premium.

The answer contains several denials and also avers, " Plaintiff afterwards, and prior to the fire and loss of the insured property, withdrew and waived such direction or request and continued and authorized defendants to continue the policy in question in force and accepted the premium paid by the insured, and also settled, adjusted and paid the loss under the policy." At the close of the plaintiff's case the defendants moved for a nonsuit, which was denied and an exception taken ; and at the close of the proof in the case the motion was renewed and denied and an exception taken. The defendants' counsel then asked " to go to the jury upon the question whether the receipt of the premium and this ratification and the other facts of the case, the correspondence and general course of business between the parties, do not show or would not show, and whether the jury should not find a ratification of the failure to cancel, if such order was given, and a waiver of it, or withdrawal of it ; upon all facts of the case we ask to go to the jury ; also, that the making of the proof loss itself, which perfected the claim against the defendants, or had that effect, would estop the plaintiff from claiming damages in this suit." Thereupon the motion for a nonsuit was again denied and the defendants excepted. Whereupon the court directed the jury to find a verdict for the plaintiff, and the defendants excepted. A motion was made for a new trial on the minutes and denied. Judgment was entered upon the verdict. Defendants appeal from the order and from the judgment.

*Weeds, Smith & Conway* and *T. F. Conway*, for the appellants.

*Eugene Clinton*, for the respondent.

HARDIN, P. J.:

While considering the refusal of the court to submit any question of fact to the jury, we must give the appellants the benefit of any evidence which would have justified the jury in finding in favor of the defendants, and in that connection they are entitled to any and all inferences that might legitimately be drawn from the evidence produced. (*McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389.)

Appellants were local agents of the plaintiff at Plattsburgh, acting

under a written commission, and as such they issued the plaintiff's. policy to the insured, which contained a provision, viz.: "This policy shall be canceled at any time 'at the request of the insured, *or by the company by giving five days' notice of such cancellation.*" It seems the premium for the policy was paid to the agents and by them paid over to the plaintiff. On July 9, 1891, plaintiff's general agents, Van Valkenburg & Hall, wrote to the defendants, asking to be relieved of the risk because of certain reports as to the financial standing of the insured. To that communication, on the 13th of July, 1891, the defendants replied, recommending that the policy be allowed to stand on the ground that they thought the risk a good one, but adding that if it was insisted on, the policy would be canceled. To that letter the general agents replied on the sixteenth of July, stating that they preferred not to carry the risk and asking the return of the policy, assigning that their rule was not to carry mortgaged property as one of the reasons; and a somewhat similar letter was written again on July thirty-first asking for a return of the policy to the files of the agents. The defendants did not answer the last two letters.

It seems by the evidence that on August 26, 1891, the general agents of the plaintiff drew upon the defendants for balances and that in the draft was included the premium on the policy in question. It appears from the evidence that no further demand or claim was made on the part of the general agents upon the defendants for a return of the policy to be entered in the files of the defendants' general agents, and there was quietude and acquiescence on the part of the general agents in respect to the policy in question which continued for a period of time between July thirty-first and the date of the fire, which was in March following. The reports for the months of August, September, October, November and December, 1891, and for January and February, 1892, were made, and on the face of the reports there was a recital of what policies were canceled, the report for June showing no policy canceled and the report for July showing policy No. 450683 canceled; the report of August shows no policy canceled; the report for September shows policy No. 450693 canceled; the report for October shows no policy canceled; the report for November shows policy No. 450698 canceled; the report for December shows two policies canceled, Nos. 450709 and

450711; the report for January, 1892, shows two policies canceled, viz., Nos. 450724 and 450725; the report for February, 1892, shows two policies canceled, viz., Nos. 450731 and 450732; the report for March shows three policies canceled, Nos. 450735, 450741 and 450742. It is to be observed that each of these reports shows that the particular policy in question, to wit, the one issued to Phillips & Casey, was not canceled, and that the reports were all sent to the general agents, to whom the monthly reports were made and to whom remittances were sent, and who had power to cancel policies, including the specific policy mentioned. Some evidence was given tending to show that in the course of the business, if instructions were given to cancel policies, unless the same were immediately obeyed, the company's habit was to renew its call or "dun" from time to time for the return of what they called a canceled policy until such time as they "actually got it," and then the unearned part of the premium was included in the account current. There was some conflict in respect to the custom or habit of the parties in respect to transactions relating to canceled policies. It is apparent from the reports that we have already alluded to, that the premium in this case was never charged back to the plaintiff and that the policy was never actually canceled. The general agent, Van Valkenburg, admits that "when a policy of insurance was canceled pursuant to one of my instructions or directions, it was the custom to return it to the office when the daily report went to New York to be put on file."

It seems the local agents went out of business in April, 1892, and were succeeded by Platt, and the plaintiff about that time wrote for a full settlement, specifying the amounts due it, and that amount was ascertained and paid, but in the general settlement, and at no other time, were the defendants allowed or credited with the premium on the Phillips & Casey policy. This settlement was after the loss occurred under the policy, as that occurred March 4, 1892.

On the 8th of March, 1892, the plaintiff having received notice of the loss under the policy, admitted the same and stated that "general agent Van Valkenburg will be advised and requested to adjust." On the 18th of March, 1892, Van Valkenburg wrote to the defendants in reference to it, and, among other things, he stated: "I enclose a blank proof of loss and would thank you to return it to

me here when properly executed, for the loss of Phillips & Casey at Rouse's Point. By the way, there is a talk about this having been a ' queer' loss, and some field men are crowing over their smartness in getting off shortly before the fire. What do you know in this direction? * * * Thanking you in advance for attending to this matter, and with strongest assurances that you can count on me at. all times to do anything possible to promote our mutual interests, I beg to remain," etc. Subsequently the general agent acknowledged the receipt of the proofs of loss, and in a letter dated May ninth he stated that he had asked the general office to send a draft in payment of the loss. It seems that the claim was made in behalf of the defendants that the defendants were in no way liable in the premises until June, 1892. It also appeared in the evidence affirmatively by the testimony of Platt, that subsequent to July thirty-first he received requests to return other canceled policies, and nothing more, however, was said about the Phillips & Casey policy. It appeared from the evidence that there were instances in which policies were directed to be canceled with suggestions as to moral hazard, and that subsequently such directions were withdrawn at the suggestion of the defendants. Upon all the evidence we are inclined to the opinion that a fair question of fact was presented for the consideration of a jury as to whether the plaintiff, by reason of the circumstances disclosed, waived its request to have the policy canceled. We are inclined to think that such waiver might have been found by the jury upon the evidence given at the trial, and that it was not necessary, in order to support such a waiver, that it should " be based " upon any new agreement or an estoppel. (*Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 419 ; *McNally* v. *Phœnix Ins. Co.*, 137 id. 402 ; *Cairnes & Lord* v. *Bleecker*, 12 Johns. 300 ; *Jervis* v. *Hoyt*, 2 Hun, 637.)

From the course of business disclosed by the evidence it is quite apparent that Van Valkenburg had notice of the non-cancellation and non-return of the policy to the files in his office, and that notice to him of that fact was notice to the principal. (*Cox* v. *Pearce*, 112 N. Y. 637, 641.) The non-action, therefore, of Van Valkenburg in the premises, his acquiescence as well as the acquiescence of the plaintiff in the non-cancellation and non-return of the policy, were pertinent facts for the consideration of a jury in determining the

question whether the plaintiff had acquiesced in the existence of the policy and the omission of the defendants to procure a cancellation of the same by the return of unearned premiums and a delivery of the policy to the defendants, to the end that it might be returned to the files of the plaintiff, whether kept by the general agent, Van Valkenburg, or kept by the plaintiff itself.

While it may be said that the circumstances are slight, we are inclined, as already intimated, to hold that a question of fact was presented which should have been submitted to the jury, and that the exception taken to the refusal to submit the question of fact to the jury presents an error which requires the granting of a new trial.

The judgment and order must be reversed and a new trial ordered, with costs to abide the event.

MARTIN and MERWIN, JJ., concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event.