reference to the evidence of the witness, it is quite apparent that defendant was not prejudiced by the ruling, nor does there appear to have been error in any rulings on the trial to her prejudice.

The judgment and order should be affirmed.     All concur.

<hr />

AMERICAN CENT. INS. CO. v. HAGERTY et al.

(Supreme Court, Trial Term, Chenango County. April 15, 1897.)

AGENTS—LIABILITY TO PRINCIPAL—NEGLIGENCE.

Defendants, as local agents of plaintiff insurance company, issued a policy to one P., and reported it in the daily report required by plaintiff of all their transactions. The report disclosed a chattel mortgage on the insured property, and for that reason plaintiff requested defendants to cancel the policy. Defendants replied, recommending that the risk be allowed to stand, but saying that they would cancel the policy if plaintiff insisted on it. Plaintiff then wrote that it would rather not carry the risk, and afterwards requested defendants to return the canceled policy, so that it might be filed according to custom. Defendants did not reply to the last two letters, but endeavored to have the objection to the policy removed. Afterwards defendants made a monthly report, showing that the policy was still in force, and they also remitted the premium to plaintiff with other moneys. Plaintiff never returned the premium, as its policies required in order to effect a cancellation, and nothing further was said about the policy until the insured property was burned, eight months later. Plaintiff paid the loss without objection, and without notifying defendants that any claim would be made against them. *Held*, that defendants were misled by plaintiff into the belief that plaintiff had become satisfied with the risk, and therefore they were not liable to plaintiff for the loss.

Action by the American Central Insurance Company against John B. Hagerty and Andrew M. Platt. Complaint dismissed

Eugene Clinton, for plaintiff.

Weeds, Smith & Conway, for defendants.

FORBES, J. This is an action to recover damages for an alleged disobedience of instructions, in failing to cancel a policy of insurance, No. 450,825, which was issued by the defendants to Phillips & Casey, June 29, 1891, while the defendants were acting as the local agents of the plaintiff at Plattsburgh, N. Y. This action was commenced in December, 1892, and was formerly tried at the Chenango circuit in March, 1894. At the close of the evidence, a verdict was directed for the plaintiff for $1,162.31, and a judgment was entered thereon the 26th day of March, 1894. An appeal was taken by the defendants from the judgment and the denial of their motion for a new trial. The judgment and order were reversed, and a new trial was granted by the general term. The case is reported in 92 Hun, 26, 36 N. Y. Supp. 558. On the present trial a jury was waived, and the case was submitted to the court, at the Chenango trial term, upon the case and exceptions on appeal, and also on the reporter's notes upon the first trial.

It is undisputed that the defendants were duly and regularly commissioned as the local agents of the plaintiff corporation, and authorized to do business for it at Plattsburgh, N. Y. The ordinary method

adopted by the plaintiff was to furnish the defendants with blank policies of insurance, to be filled out by the defendants, and countersigned, and by them delivered to the assured, from whom the defendants received premiums, which were reported, and, from time to time, turned over to the plaintiff corporation. The defendants were also required to make daily reports of the transaction of all business in issuing policies. These reports were authorized to be sent to Van Valkenburg & Hall, who were the general agents of the plaintiff. At the time the policy in question was written, a daily report was forwarded to Van Valkenburg & Hall, at their office, in the city of New York. This daily report was received by the general agents of the plaintiff corporation on the 6th day of July, 1891. The report disclosed the fact that there was a chattel mortgage lien upon the property described in the policy, and on the 9th day of July, 1891, the plaintiff's general agents wrote the defendants, requesting them to cancel this policy, on account of the financial condition of the assured. The letter will be found on page 21 of the printed case. The policy was a renewal, issued to the same parties, covering substantially the same risk. This letter was replied to by the defendants on the 13th day of July, 1891, recommending that the risk be allowed to stand, but saying that, if the plaintiff insisted on it, they would cancel the policy as requested. This letter may be found at page 22 of the printed case. A reply was made by the plaintiff on the 16th day of July, 1891, saying that they preferred not to carry the line. This letter will be found at page 23 of the printed case. On the 31st day of July, 1891, the plaintiff again wrote to the defendants, asking them to send the canceled policy, No. 450,825, so that they might place it on file in their office, which it was their custom to do. This letter will be found at page 24 of the printed case. The plaintiff's letters of July 16th and 31st were not answered for the reasons given by the defendant Hagerty in his testimony at pages 93 and 94 of the printed case. The defendant Hagerty, of said local agency, was taking care of the business of the firm during the absence of the other defendant, who at that time had a branch office located at another point in this state. Hagerty gives as an excuse for the noncancellation of the policy, and the noncompliance with the plaintiff's instructions to cancel said policy, that he was engaged in an effort to have the security changed to avoid the objections made by the plaintiff, and retain the insurance for plaintiff's benefit. In addition to the daily report, a monthly summary was also required to be submitted by the defendants to the plaintiff for its inspection and examination. These reports were received by the general agents, inspected by them, and then forwarded to the plaintiff. The reports for June and July showed that said policy had not been canceled up to that time.

On the 26th day of August, 1891, the plaintiff made a draft on the defendants' firm for all money due it, as shown by the June and July reports. In pursuance of this draft, the defendants forwarded the premium on the policy theretofore issued by them to Phillips & Casey, retaining to themselves the portion of the premium earned by them in the sum of 99 cents. The total amount of the premium

was $16.50. It is conceded on the part of the plaintiff that the general agents examined and checked up each of the daily, and each of the monthly, reports made by the defendants. The defendants claim that they acted in good faith in attempting to rid the policy of the objection which had been made to the financial condition of the insured, and that when the draft was made upon them, on the 26th day of August, 1891, defendants supposed that their prior explanations had been satisfactory to the plaintiff, and, the premiums having been ordered to be turned over to the plaintiff, that it had determined to let this insurance stand as it was. The defendants also claim that they assumed, from the usual course of business with the plaintiff, that, if the policy had not been satisfactory, the plaintiff, after receiving the premium upon said policy, would have communicated to them any dissatisfaction with the policy, if any existed at that time. It is conceded that the defendants continued to make daily and monthly reports covering the transaction of each policy which was issued or canceled from that time down to the 2d day of March, 1892, at which time the property insured was destroyed by fire. It is conceded that the plaintiff was notified of the loss, furnished blank proofs of loss to the defendants, and subsequently, through the defendants, paid the loss under said policy, without an intimation on the part of the plaintiff that there was any dissatisfaction with the course pursued by the defendants in the transaction of this business. These defendants had been the local agents of the plaintiff at Plattsburgh for something like nine years, and the evidence shows considerable correspondence between the parties from June, 1891, to the following March, in which the defendants' method of doing business was commended, showing that the plaintiff had great confidence in their judgment, and was inclined to follow any suggestions which the defendants made with reference to the risks procured by them and assumed by the plaintiff. The firm of Platt & Hagerty was dissolved in the month of April, 1892, after the adjustment and payment of the loss under said policy; and the defendant Platt was continued as the agent of the plaintiff down to the time of the commencement of this action, and in fact subsequent thereto. It is conceded that the loss under said policy amounted to the sum of $977.15, March 4, 1892. It is also conceded that the defendants were not notified of the fact that there was any claim to be made against them, by the plaintiff, for the nonperformance of duty. Nor did defendants have any opportunity, at the time of the adjustment of the loss, to protect themselves against any supposed liability.

There is nothing in the defendants' commission permitting them to cancel any policy; and each policy contains a clause reserving to the plaintiff the right to make such cancellation, upon returning to the assured a certain amount of the premium, after notification to the assured of its intention to cancel the policy. It is now contended on the part of the defendants that they were not obliged to cancel the policy in question, upon the request of the plaintiff; second, that it was the duty of the plaintiff to protect itself by canceling the policy, if it desired to do so, under the terms of said policy, by notifying the assured that their policy was canceled, and offering to return the

unearned premium to them. It must be conceded that, by virtue of their commission, defendants were bound to deal with the plaintiff with prudence on their part, and serve it, in good faith, to the best of their ability as such agents; and if they were careless or negligent in the transaction of their business, or acted in bad faith towards the plaintiff, they would then be liable for any damages which the plaintiff might sustain through such negligence and want of good faith. Whelan v. Lynch, 60 N. Y. 469; Whitney v. Martine, 88 N. Y. 535. Upon the evidence in this case, there is no serious dispute that the defendants, in good faith, believed that they were acting in the interest of the company to retain its business, by standing under said policy of insurance.

The only other questions to be settled are these: First. Were the defendants so far negligent, in the prudent exercise of their authority, in their dealings with the plaintiff, as to be responsible for the loss which was sustained under this policy? Second. Has the conduct of the plaintiff been such, in these transactions, that it has misled the defendants into the belief that the plaintiff and its general agents had acquiesced in the steps taken by the defendants, with reference to this policy? Third. Did the defendants believe that the plaintiff had waived the cancellation of the policy, by accepting the premium, with constructive notice that the policy had not been canceled, and that it was a continuing liability and risk to the assured?

I think, from the course of the dealings between the plaintiff and the defendants, in view of the fact that they received daily and monthly reports of all transactions on the part of the defendants for the company, that there is great force in the proposition that the defendants were not only misled by the plaintiff's conduct into the belief that it was desired that the policy should stand, but also that the plaintiff acquiesced in the continuance of the policy as a valid claim to the assured. There is no pretense on the part of the plaintiff that they did not have full and ample reports of each transaction performed by the defendants. Nor can there be any reasonably valid claim made that the inspection of the daily and monthly reports, made by the defendants to them, would not have disclosed that the policy was not canceled in pursuance of their original instructions. It must be assumed that the object of requiring the daily reports to be made of each transaction, and the summary monthly report covering each transaction, was to place the plaintiff in possession of all such facts and knowledge as they required to keep track of the business of the plaintiff, and to guard against any oversight or misconception on the part of their agents; and it will not do to hold that, because the plaintiff's business was an extensive one, it therefore has the right to fail to keep in mind the facts reported, and neglect to observe the changed condition or situation of its business with its local agents, and thus throw the responsibility upon them of continually seeing that the plaintiff's books are properly kept, its accounts and statements examined, to prevent a loss upon some policy, the condition of which has been overlooked by the plaintiff, without any fault on the part of the defendants. By its rules, its canceled policies were to be returned to it, and kept on file for the very purpose of its own

protection against loss or liability under a policy inadvertently issued or continued in force. From June, 1891, to March 2, 1892, the specific number of every policy canceled during each month was contained in the defendants' monthly statements; and with the number of the policy in question before them, upon their books, plaintiff must be held to have had notice that the policy in question was not canceled, but rather was a continuing liability, to which it must be held to have assented. Notice to the general agents was notice to the company. Cox v. Pearce, 112 N. Y. 637, 20 N. E. 566.

The grounds of the defendants' nonliability are concisely and plainly stated by the learned justice at general term, in the case at bar (92 Hun, 26, 36 N. Y. Supp. 558); and this case is cited and approved in Smith v. Babcock, 3 App. Div. 6, 37 N. Y. Supp. 965. In the case at bar there is no question about the authority of the defendants to issue the policy, nor is there any question as to the knowledge of the principal that the policy had been issued. The rule of ratification of the acts of the agent, under those circumstances, is not so broad and strict as in a case where the agent assumed to act without authority. In the latter case the principal must have full knowledge of all of the facts, in order to be bound affirmatively by the unauthorized acts of the assumed and unauthorized agent. Snyder v. Gardner, 13 Misc. Rep. 626, 34 N. Y. Supp. 936. The plaintiff knew that it had accepted the premiums paid. It also knew that it had given no directions to the defendants to return the premiums to the assured, nor had it furnished defendants with specific funds with which to complete the cancellation. This was a necessary step, and, with the other circumstances of the case, must be held to be a ratification of the act of the agents in continuing the policy. Powers v. Insurance Co., 83 Hun, 254, 31 N. Y. Supp. 626; affirmed, without opinion, 145 N. Y. 654, 41 N. E. 90. There is no pretense that they directly authorized the premiums to be deducted from the defendants' monthly reports; and, at most, the authority to do so can only be inferred. I am satisfied that the defendants were misled by the plaintiff into the belief that they had finally convinced the plaintiff that the risk was a good one, and that there was no moral hazard in continuing the policy. Their whole line of dealings with each other irresistibly leads me to this conclusion. The defendants must therefore be held to have acted in good faith, with reasonable prudence and diligence, to protect the plaintiff's interests, and to retain its line of insurance; acting, as they believed, in the plaintiff's interest, for its benefit, and with its consent. A verdict must therefore be rendered in favor of the defendants, against the plaintiff, dismissing the complaint, with costs.

Judgment is ordered accordingly.