## RUTHERFORD, ADMINISTRATOR, *v.* PRUDENTIAL INSURANCE COMPANY.

[No. 5,057.   Filed February 1, 1905.]

1. INSURANCE.—*Life.*—*Premium.*—*Place of Payment.*—Where a life policy provides in one place that "all premiums are payable at the home office of the company," and in another that such premium "may be paid to any authorized representative of the company," and in another that "if for any reason the premium is not called for when due by an authorized representative of the company," etc., it is a necessary implication that such premiums are payable to the company's collectors.  p. 537.

2. SAME.—*Life Policy.*—*Intention.*—Where a question is made as to place of payment of the premiums upon an industrial life policy, courts will consider the magnitude of expense necessary in sending the premium to the home office, and the number of premiums to be paid, and the excess of cost of the insurance—about 40 per cent.—over the standard life rates, in ascertaining the intention of the parties.  p. 538.

3. SAME.—*Life Policy.*—*Provisions as to Payment of Premiums.*—*Waiver.*—Where a life policy provides that "if for any reason the premium is not called for when due, by an authorized representative of the company, it shall be the duty of the policy holder to bring or send said premium to the home office of the company or one of its district offices," and it is shown that such company has shown a disregard for such provision by its conduct, it can not insist upon a forfeiture by showing that plaintiff has also in good faith disregarded it.  p. 539.

4. SAME.—*Life Policy.*—*Forfeiture.*—*Right of Company to Declare.*—Where the action of a company is such as to induce the belief that a right of forfeiture reserved in the contract will not be insisted on, and the assured has acted on such belief, a forfeiture will not be permitted, since forfeitures are odious to the law and will be enforced only upon the clearest evidence that such was the intention.  p. 539.

5. SAME.—*Premiums.*—*Agent's Failure to Collect.*—Where an insurance company collected its premiums through an agent, and the assured made arrangements with such agent to call at an appointed

place and get such premiums, and such agent failed to do so, such company can not complain, as the mode of payment was discretionary with such agent.  p. 540.

6.  INSURANCE.—*Life Policy.—Denial of Liability by Insurer.*—Where a life insurance company has reserved the right in its policy to pay to any one of several persons, a denial of liability on the policy made to a beneficiary to whom such insurer could pay such insurance will justify an action by another beneficiary without furnishing any proofs of death, such proofs being thereby waived.  p. 540.

7.  SAME.—*Life Policy.—Condition That Suit Must Be Brought Within Six Months.—Validity.*—Where a life policy contains a condition that suit thereon must be brought within six months next after the date of death of the insured, such condition is void as against the statute (§4923 Burns 1901, §3770 R. S. 1881).  p. 541.

From Perry Circuit Court; *C. W. Cook,* Judge.

Action by Henry Rutherford, administrator of the estate of Katie Ling, deceased, against the Prudential Insurance Company of America. From a judgment for defendant, plaintiff appeals. For opinion on appellee's motion to dismiss, see *Rutherford* v. *Prudential Ins. Co.,* 32 Ind. App. 423. *Reversed.*

*William A. Land* and *William M. Waldschmidt,* for appellant.

*John T. Patrick* and *Oscar C. Minor,* for appellee.

ROBY, J.—Action by appellant as administrator of the estate of Katie Ling, formerly Rutherford, upon two policies of life insurance issued by the appellee company. The complaint was in two paragraphs, each based upon a separate policy. Demurrers for want of facts were sustained to them, and appellant refused to plead further. Judgment was rendered for appellee because of such refusal, and error in sustaining said demurrers is assigned for reversal.

Both policies were issued on April 26, 1897, and are identical so far as the questions presented by this appeal are concerned, so that a consideration of one paragraph of complaint and the exhibit filed therewith is decisive as to both.

The terms of the policies are in part as follows: "Incor-

porated as a stock company by the state of New Jersey. The Prudential Insurance Company of America. Home office, Newark, New Jersey. Number 10,457,555. Whole life policy. In consideration of the application for this policy, which is hereby made a part of this contract, and of the weekly premium hereinafter stated, which, it is agreed, shall be paid to the company or its authorized representative on or before every Monday during the continuance of this contract, the Prudential Insurance Company of America agrees to pay at its home office in the city of Newark, New Jersey, unto the executors, administrators or assigns of the person named as the insured in this policy, unless settlement shall be made under the provisions of article second on the back hereof, the amount of benefit provided in the schedule herein contained, and any additions thereto, within twenty-four hours after acceptance at its said office of satisfactory proof of the death of the insured during the continuance of this policy, which is issued and accepted subject to the conditions and agreements printed on the back hereof, which are hereby referred to and made a part of this contract. * * * If this policy is lapsed after three years—paid-up policy. After three years' premiums have been paid hereon, if the policy shall become forfeited for the nonpayment of any premium, and the insured shall be over thirteen years of age at the date of such forfeiture, the company will grant a nonparticipating paid-up life policy in accordance with chapter 356 of the laws of 1895 of the state of New Jersey; or, by mutual agreement, the company will issue in lieu of such paid-up life policy a non-participating paid-up policy for an amount fixed by the company's tables, and to continue in force for the expectation of life of the insured as stated by the same tables. Schedule above referred to. Name of the insured. Katie Rutherford. Age next birthday at date of policy, 11 years. Benefit, if insured is not less than ten years of age next birthday, $94. Weekly premium five cents.

If the insured shall die within six calendar months from the date thereof, the company will pay only one-fourth of this sum. If the insured shall die after six months and within one year from the date hereof, the company will pay only one-half of this sum. After one year from its date the policy will be in force for the full amount. * * * In witness whereof, the president and vice-president of said company have signed this policy at its home office in the city of Newark, New Jersey, this 26th day of July, 1897. John F. Dryden, president. Louis D. Ward, vice-president. This policy, if not satisfactory to the insured, may be surrendered within two weeks after its date at the office of the superintendent whose name appears on the premium receipt book accompanying this policy, and the premium paid thereon will be returned to the insured. Regular industrial —Form 1-97. See indorsement. * * * Conditions and agreements. * * * (2) Facility of payment. The company may pay the benefits provided in this policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured, for his or her burial, or for any other purpose, and the production by the company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied. * * * (4) Policy when void. This policy shall be void * * * if the said weekly premium shall not be paid according to the terms hereof; or if the person insured is under thirteen years of age next birthday, and is now, or may hereafter be insured while under such age in this or any other company and the total premium on such insurance shall exceed ten cents per week. If for any cause this policy be or become void, all premiums paid hereon shall

be forfeited to the company except as provided herein.
(5) Payment of premiums. All premiums are payable at
the home office of the company, but may be paid to an au-
thorized representative of the company; but payments to be
recognized by the company must be entered at the time of
payment in the premium receipt book belonging to this pol-
icy. If for any reason the premium is not called for when
due by an authorized representative of the company, it shall
be the duty of the policy holder before said premium shall
be in arrears four weeks to bring or send said premium to
the home office of the company or to one of its district offices.
(6) Period of grace. Should the insured die while the
premium on this policy is in arrears for a period not exceed-
ing four weeks, the company will pay the benefit provided
herein, subject to the conditions of this policy."

It is averred that the plaintiff is the duly qualified and
acting administrator; that defendant is a corporation organ-
ized and acting under the laws of the state of New Jersey,
and doing business in Indiana and Kentucky; that on said
26th day of July, in consideration of a premium to be paid
at intervals, equivalent to five-cents per week, during the
life of assured, defendant issued its policy of insurance upon
her life, in writing, in the sum of $94, to the decedent,
whose name at that time was Katie Rutherford; "that by
agreement with defendant, through its agents, said Katie
Ling was to and did pay a premium on this policy in the
sum of twenty-five cents every five weeks, at which times
the agent of defendant hunted her up and made demand for
such payment, and this mode of payment had become and
was and is now the custom with the defendant on this policy
and similar policies of defendant. On the — day of Febru-
ary, 1901, one Cummings, an agent of defendant, who had
been collecting premiums from said assured, called upon the
assured at the place where she was staying, near the city of
Owensboro, Kentucky, for her premium, at which time as-
sured paid to said Cummings the entire amount then due

defendant from her on said policy of insurance, and informed said Cummings that she was going to leave said locality, as she was expecting to be ill, and would not be able to attend to the payment of said premiums, and asked said Cummings, as the agent of defendant, to call upon her relative, Henry Fulkerson, who resided in said neighborhood, near Owensboro, Kentucky, and that said Fulkerson would pay said premiums for assured, which said Fulkerson agreed to do, and the assured left a sufficient amount of money with said Fulkerson to pay said premiums; that said Cummings, in the presence of assured and said Fulkerson, agreed, on behalf of defendant, to said arrangement, and that he would call upon said Fulkerson for the payment of said premiums; that said Fulkerson remained in said neighborhood, near Owensboro, Kentucky, was always ready and willing to pay said premiums as promised, but said Cummings failed to call upon him and collect said premiums, and said assured and said Fulkerson relied upon the promise of said Cummings, but said Cummings failed and refused to call upon said Fulkerson as promised, and said Cummings did not, nor did anyone else on behalf of the defendant, call upon said Fulkerson, nor did anyone on behalf of said company notify said Fulkerson or said assured that said premiums were due and unpaid; that, from the time of said promise until she died, assured was ill and unable to attend to any business, and wholly on account of the failure of said defendant through said Cummings, or through anyone else, to call upon or notify said Fulkerson or assured, as promised by said defendant through said Cummings, that premiums were due and unpaid, or that the promise made by Cummings would not be kept, said assured fell in arrears in her premiums;" that assured died on August 14, 1901; that her relatives have offered to make proof of such death, and demand payment of said policy; that the defendant denies all liability, and refuses to pay any part thereof; that Fulkerson has tendered the amount of the premiums due up

to the death of the assured, which the defendant refuses to accept; and that the plaintiff and his decedent have performed said contract, except as excuse for nonperformance is shown. Wherefore, etc.

The policy set out contains an agreement to pay the sum insured to the legal representatives of the assured "unless settlement shall be made under the provisions of article two on the back hereof." Under the provisions of article two the company had the right to pay such sum to any relative by blood or connection by marriage of the insured, or to any other person appearing to the company to be equitably entitled to the same. It thus appears that the appellee company by contract claimed the right to administer upon the estate of the assured, to sit in judgment upon the "equity" of those who might have claims against her; binding itself only to pay the sum insured to her administrator in event that it had not sooner made distribution according to its own ideas. The decedent's right to pay premiums is clearly provided for in this somewhat remarkable contract, and the appellee insurance company now asserts, in support of the ruling of the trial court upon its demurrer to the complaint, that the policy is forfeited on account of nonpayment thereof.

1. It is claimed that by the explicit terms of the contract the premiums were payable at the home office of the company at Newark, New Jersey, and that such stipulation was one which appellee's agents had no right to waive. This contention requires an examination of the contract in so far as it relates to the question made, its true purpose not being deducible from detached clauses thereof. "General words must be confined or restrained to the nature of the subject or the aptitude of the person; or, to the persons to whom they relate." Hughes, Contracts, p. 588. The following language appears in the policy: "All premiums are payable at the home office of the company." It is followed by the qualifying clause, "but may be paid to an authorized repre-

sentative of the company;" the meaning of the entire pro-
vision being put beyond any question by the further clause,
"if for any reason the premium is not called for when due
by an authorized representative of the company." The
necessary implication is that the premium was in fact pay-
able to the collectors of the company, thus according with
the averments of the complaint as to the custom of the com-
pany in that behalf, which is entirely in keeping with the
character of the business done.

2.   The magnitude of the expense necessary to the trans-
mission of five cents each week, or of twenty cents every four
weeks, to Newark, New Jersey, as compared to the amount
involved in the main transaction, is an element to be con-
sidered in the determination of the true intent of the par-
ties.  *Kenyon* v. *Knights Templar, etc., Assn.* (1890), 122
N. Y. 247, 25 N. E. 299; *Keller* v. *Equitable Fire Ins. Co.*
(1867), 28 Ind. 170.  The age of the assured, expressed in
the policy, was eleven years.  Her payment of premiums
therefore extended over a period of more than three and
one-half years which would have required about forty-five
separate transactions, twenty-five cents at a time having been
paid to the representative who "hunted her up."  The rate
charged is approximately forty per cent. in excess of the
regular rate shown by the standard life insurance tables.  It
would be impossible to justify this rate upon the hypothesis
that those who buy small policies are more able to pay a high
rate than those who buy large ones, and it might not be fair
to the company to say that such rate is exacted because of
the ignorance and inability of those who pay it.  The plaus-
ible explanation is found in the increased cost of collecting
premium, to which might be added a trifle for difference in
interest on the premium during the year of payment.  If the
cost of collecting was to be borne by the assured, the extra
premium charged would appear to be without warrant.  If
the collection was to be made by the company, as it is averred

in the complaint to have been its custom to do, then the duty so to make such collections can not be ignored.

3.   If the policies in suit are to be forfeited for non-payment of premium, it must be done under that part of the condition which provides for remittances by the assured to Newark, New Jersey. "If for any reason the premium is not called for when due, by an authorized representative of the company, it shall be the duty of the policy holder, * * * to bring or send said premium to the home office of the company or one of its district offices." The averment of the complaint shows a disregard of this stipulation by the company during the entire term of the insurance. "It is abundantly settled that an insurance company will be estopped to insist upon a forfeiture, if, by any agreement, either express or implied by the course of its conduct, it leads the insured honestly to believe that the premiums or assessments will be received after the appointed day. The decisions which hold and enforce this view are very numerous." *Sweetser* v. *Odd Fellows, etc., Assn.* (1889), 117 Ind. 97-100; *Franklin Life Ins. Co.* v. *Wallace* (1884), 93 Ind. 7; *Kline* v. *National Benefit Assn.* (1887), 111 Ind. 462, 466, 60 Am. Rep. 703; *Supreme Tribe of Ben Hur* v. *Hall* (1900), 24 Ind. App. 316, 79 Am. St. 262.

4.   "Any agreement, declaration or course of action, on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract. The company is thereby estopped from enforcing the forfeiture. The representations, declaration or acts of an agent, contrary to the terms of the policy, of course, will not be sufficient, unless sanctioned by the company itself." *Insurance Co.* v. *Eggleston* (1877), 96 U. S. 572, 24 L. Ed. 843;

*Phoenix Ins. Co.* v. *Doster* (1882), 106 U. S. 30, 1 Sup. Ct. 18, 27 L. Ed. 65; *Powers* v. *Prudential Ins. Co.* (1894), 83 Hun 254, 31 N. Y. Supp. 626; *Hartford Life, etc., Ins. Co.* v. *Unsell* (1892), 144 U. S. 439, 36 L. Ed. 496, 12 Sup. Ct. 671.

The principle is clearly stated in a standard text-book as follows: "Forfeitures are so odious in law that they will be enforced only where there is the clearest evidence that such was the intention of the parties. If the practice of the company and its course of dealings with the insured and others known to the insured have been such as to induce a belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted on, the company will not be allowed to set up such forfeiture, as against one in whom their conduct has induced such belief." 2 May, Insurance (4th ed.), §361. *Van Camp Packing Co.* v. *Hartman* (1890), 126 Ind. 177.

5. The averments of the complaint show a waiver of the condition relied upon by the company, and do not, therefore, give a right of forfeiture. The assured, making provision for payment, and notifying the collector thereof, was not— he acquiescing in such arrangement—in default. If the company has not received all the premiums which were due up to the time of death, it has no one to blame but itself and its agent. As the agent was authorized to accept payment of premiums, he could exercise his discretion as to the mode of payment. *Western Ins. Co.* v. *McAlpin* (1899), 23 Ind. App. 220-227, 77 Am. St. 423; *Hanover Fire Ins. Co.* v. *Dole* (1898), 20 Ind. App. 333-338; *Painter* v. *Industrial Life Assn.* (1892), 131 Ind. 68-73. The decedent had a right to rely upon the assurance given to her by the company, and it would be a fraud to refuse payment of the policy because she did, under the circumstances, rely upon it.

6. It is averred that the relatives of the assured have demanded payment and offered to make proof of death, and that the appellee has denied all liability, and refused to pay

any part of said policy. Having the right to make payment to such persons under the provision for "facility of payment" above set out—such provision being one the validity of which appellee can not well dispute—a demand by such persons, and denial of liability, which amounts to a waiver of other proof, is sufficient to justify the maintenance of this action; the denial of liability being in itself sufficient thereto. *Union Cent. Life Ins. Co.* v. *Hollowell* (1896), 14 Ind. App. 611; *Home Ins. Co.* v. *Sylvester* (1900), 25 Ind. App. 207.

7. The condition that "no suit on this policy shall be maintained against the company unless brought within six months next after the date of the death of the insured" is in conflict with the provisions of the statute that "no condition or agreement not to sue for a period of less than three years shall be valid." §4923 Burns 1901, §3770 R. S. 1881; *Insurance Co. of North America* v. *Brim* (1887), 111 Ind. 281; *Eagle Ins. Co.* v. *LaFayette Ins. Co.* (1857), 9 Ind. 443.

The judgment is reversed and the cause remanded, with instructions to overrule the demurrers to the first and second paragraphs of complaint, and for further proceedings not inconsistent herewith.