## Penn Mutual Life Insurance Company v. Senhenn.

[No. 5,990. Filed April 25, 1907.]

INSURANCE.—*Payment of Premiums.—Extensions of Time.—Principal and Agent.—Question for Jury.—*Where the general agent of an insurance company accepted partial payments of overdue premiums and, upon final payment of the premiums, delivered the company's regular receipt for the entire premium, the jury may find that the assured was not in default in the payment of an overdue premium, where such agent had granted a time beyond the date of his death in which to make such payment, though the policy provided that agents could not alter the terms thereof and that the company's liability was conditioned upon prepayment of such premiums.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Action by Margaret Senhenn against the Penn Mutual Life Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Andrew J. Clark* and *George Wharton Pepper,* for appellant.

*Charles L. Wedding,* for appellee.

ROBY, P. J.—Action by appellee upon a policy of insurance issued by appellant upon the life of Walter P. Senhenn and payable to appellee, who was his mother. The assured departed life February 21, 1904, and the sole question for decision is whether the policy was forfeited by reason of the nonpayment of the semiannual instalment of premium due October 26, 1903. Appellant's obligation was conditioned upon

"the payment in advance to the company at its home office of the sum of $13.99, at the date hereof, and of the semiannual premium of $13.99. All premiums are due and payable at the home office of the company in the city of Philadelphia, but they may be paid to agents on or before the dates when due in exchange for receipts signed."

The policy also contains a clause as follows:

"Pursuant to law, a copy of the application for this policy is hereto attached. No alteration of this contract or waiver of any of its conditoins shall be valid unless made in writing and signed by an officer of the company."

It was dated April 26, 1902, and the stated premium was $13.99, due and payable semiannually. The first instalment, due when the policy was issued, was remitted by appellant's general agent, who took the application, and who was authorized to collect said premiums for it, on December 2, 1902. Of this amount, $5 was paid to him on November 5, $5 on December 14, and there is no showing when the residue was paid. The second instalment, due October 26, 1902, was paid as follows: April 4, 1903, $5; May 6, 1903, $5; the balance August 30, 1903. The third instalment, due April

26, 1903, was paid as follows: September 7, $8; the balance October 5, 1903. A receipt in evidence is as follows:

"$8.　　　Evansville, Indiana, September 7, 1903.
Received of Walter P. Senhenn, the sum of $8, part payment of premium under policy No. 211,490.
　　　　　　　. Will O. Ferguson, general agent.
　　　　　　　　per R. F."

The amounts of the several partial payments, together with their dates, were indorsed upon the back of receipts for the full amount of the instalments, of which the following is a sample:

"The Penn Mutual Life Insurance Company, of Philadelphia:
Received as per margin, from the owner of policy No. 211,490, insuring the life of Walter P. Senhenn, the semiannual premium on said policy due October 26, 1902.
This receipt to be valid must be countersigned by
　　　　Henry C. Brown, secretary and treasurer.
W. O. Ferguson, agent at Evansville, Indiana."

When the insured made the last partial payment, in each instance the regular receipt for the full amount was delivered to him, and remittance of the instalment made by its general agent to appellant at its home office. The following letter was written to and received by the assured:

　　　　　　　"Evansville, Indiana, February 17, 1904.
W. P. Senhenn,
　　　City.
Dear Walter:
　　I regret to have to say to you that unless your premium of $13.99, due October 26, 1903, is paid in full by the last of March, I will be compelled to return your receipt to the company. They have already written me once or twice about it, and, as you are aware, I will be duty bound to return the same to them. I trust, therefore, that you will give the same your prompt attention.　　　　　　Yours very truly,
　　　　　　Will O. Ferguson, general agent."

Upon these facts, under issues which made them relevant,

appellee had a verdict for the amount of the policy and interest. Judgment was subsequently rendered upon the verdict, appellant's rights having been fully preserved by motions and exceptions which it is not necessary to detail. The legal propositions applicable to the foregoing facts are stated in *Rutherford* v. *Prudential Ins. Co.* (1905), 34 Ind. App. 531, and need not be repeated. Authorities in point are cited on pages 539-541 of the opinion therein. See, also, to the same points, *Metropolitan Life Ins. Co.* v. *Willis* (1906), 37 Ind. App. 48, *German-American Ins. Co.* v. *Yeagley* (1904), 163 Ind. 651, and *Supreme Tribe, etc.,* v. *Hall* (1900), 24 Ind. App. 316, 79 Am. St. 262. Appellant's general agent not only had power to bind it relative to the business with which he was intrusted, but the times of remittance and the facts stated in the foregoing letter justified a finding that the acceptance was with its knowledge and acquiescence. By the terms of the letter the assured was given until April 1 to make payment, and, having died before that time, we cannot say as against the verdict that he was in default.

Judgment affirmed.