RUTH DIAMOND and Others, Plaintiffs, v. NEW YORK LIFE INSUR-
ANCE COMPANY and NEW YORK LIFE INSURANCE COMPANY, as
Trustee, Defendants.

Supreme Court, Trial Term, New York County, December 15, 1938.

Goldstein & Goldstein [David Goldstein of counsel], for the
plaintiffs.

Louis H. Cooke [T. H. Pease of counsel], for the defendants.

SCHMUCK, J.  The complaint herein consists of two actions, the
second of which was withdrawn at the trial.  The remaining
question for decision involves two of the policies issued by the
defendant.  By stipulation concerning the material and relevant
facts the question is simplified and becomes one of law.  Concededly
the problem to be solved is whether the two policies involved
lapsed because of non-payment of premiums in the time required
by the agreement.  It appears that before the last premiums
became due an application was made for an extension of the time
of payment.  In answer to the request a communication was
mailed to the insured wherein the following language was employed:
" While the policy contract by its terms does not provide for any
extension in payment of premiums beyond the period of grace,
we will on this occasion, be pleased to extend the insurance to
July 6, if you will sign the enclosed note and return it to us by
June 12 with $20.00."  The authority of the author of this epistle
is not disputed nor is the death of the insured on June eleventh,
one day before the proposition lapsed, of no avail.  The
interpretation of this proposal necessarily is determinative of the
question involved.  If it is to be considered as extending the time
of payment of premium to June twelfth then in view of the death

of the insured before that date, the plaintiffs' testator cannot be considered in default and consequently must be awarded a favorable decision. A careful analysis of the language under consideration indicates that the intention was to give the decedent an extension to June twelfth to determine whether the future extension to July sixth was acceptable as proposed. While this exact question does not seem to have been judicially considered by the courts of this State an examination of the authorities of sister Commonwealths seems to justify the interpretation just announced. (*West* v. *National Casualty Co.*, 61 Ind. App. 479; 112 N. E. 115; *Penn Mutual Life Ins. Co.* v. *Senhenn*, 40 Ind. App. 85; 81 N. E. 87.) In *Weston* v. *State Mutual Life Assur. Co.* (234 Ill. 492; 84 N. E. 1073) the court held that a waiver of the payment of premiums by an insurance company is available to the insured where he sustains the loss insured against within that time. Failing to find any application to the question involved in the authorities cited by the defendant and believing that whenever this question was judicially considered it was determined to be an extension of time of payment, it is here decided that the refusal of the defendant to recognize the claim of the plaintiffs is unwarranted. Judgment is awarded to plaintiffs.

Due to the situation of the defendant as trustee with reference to these two policies as well as to the others in force the judgment to be entered regarding this $10,000 claim will provide as follows: Five-fortieths to be paid at once to Isaac and Ida Diamond; four-fortieths to be similarly paid to Gloria and Ruth Diamond; twenty-one-fortieths to Gertrude Diamond at the rate of fifty-five dollars a month beginning as of the date when proof of insured's death was filed with the defendant and continuing either to her or to certain contingent beneficiaries until the fund is exhausted; five-fortieths to Ruth Diamond and Gloria Diamond each as of the date when proof of insured's death was filed with the company and continuing either to them or to certain contingent beneficiaries until naught remains of the fund.

Settle decision and judgment accordingly.