(99 App. Div. 44)

### STONE v. SCHENECTADY RY. CO.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. BREACH OF CONTRACT—AMOUNT OF DAMAGES—SUFFICIENCY OF EVIDENCE.
    Evidence in an action for breach of contract to furnish plaintiff with a current of electricity for his business *held* not to sustain the amount of damages awarded by the jury.

2. NOTICE TO ATTORNEY AS NOTICE TO CLIENT.
    Where the electric wires were cut off from plaintiff's place of business in violation of contract, and, on complaint, plaintiff's attorney was notified that the wires would be immediately reconnected, this was sufficient notice to plaintiff to stop the accumulation of damages for the breach of the contract.

Appeal from Trial Term, Schenectady County.

Action for breach of contract by Wallace C. E. Stone against the Schenectady Railway Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appealed. Reversed.

This action is brought for damages for depriving plaintiff of an electric current stipulated for by contract between plaintiff and defendant. The business of the plaintiff was in presenting advertisements at night upon a screen by use of the stereopticon, which he operated by electric power. The purpose for which this power was obtained was known to the defendant at the time the contract was made, or at least soon thereafter. In the contract it was provided that the defendant might cut off the current of electricity if the bills presented were not paid within ten days after their date. Upon November 3d the first bill was sent to the plaintiff, with a letter saying that if the bill were not paid within three days the electric current would be cut off. The plaintiff having failed to pay the bill within that time, the electric current was cut off, under the protest of the plaintiff. This rendered

impossible the use of the stereopticon and the pursuance of plaintiff's business, and thereafter the stereopticon machine which the plaintiff was using was taken away by the owners, from whom he had it under conditional sale. The proof of the damage was to the effect that the plaintiff had 21 contracts for the display of advertisements, for each of which he was to receive $10 a month, and that the expense of running the business would be about $950 a year. Plaintiff thus estimated a net income from the year under those contracts of about $1,500. The current remained off until the attorney for the plaintiff interviewed some of the officers, of the defendant, whereupon the wires were again connected, and the meter replaced. The trial court charged the jury that they might give the plaintiff damages for the injury to the plaintiff's business for the time during which he was deprived of the use of the electricity for the purpose of using his stereopticon. The jury returned a verdict of $300. From the judgment entered upon this verdict, the defendant appeals. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

James A. Van Voast, for appellant.
Loucks & Loucks, for respondent.

SMITH, J. For the purposes of this appeal the appellant concedes its liability for the breach of the contract. The right to cut off the current only existed after the expiration of ten days from the presentation of a bill. In violation of this provision of the contract, the current was cut off within three days from the presentation of a bill. For such damages as the plaintiff has suffered therefrom, the defendant is clearly liable.

Under the rule of damage stated by the trial court, however, we are unable to find a justification of the verdict rendered. The proof is not very definite as to just when this current was cut off, or as to when it was restored. It was not cut off prior to the 4th of November, however, and it had been restored some time prior to the 17th of November. There is some proof to the effect that it was restored within a very few days after it was cut off. Assuming, however, the greatest period which the evidence will permit, the plaintiff's business was interrupted less than 13 days. If the prospective profits shown by the plaintiff amount to about $1,500 a year, the injury to the business for 13 days or less would be in the neighborhood of from $50 to $55. From this also should be deducted the amount confessedly owing by the plaintiff to the defendant for electricity furnished, which would bring the amount to which the plaintiff is entitled, in the most favorable view of the evidence, to a sum less than $50.

It is claimed, however, that the plaintiff was not notified when the current of electricity was restored, and that he is entitled to damages from the time the current was cut off until he was notified of the intention of the company to furnish him electricity. It appears, however, that at the time Mr. Veeder, who was acting as the attorney for the plaintiff, made complaint to the defendant, he was taken to the office of Mr. Peck, defendant's general manager. Witness Hanbridge was asked this question: "What did Mr. Peck say? A. He then and there immediately ordered them connected, pending an investigation of the matter." Mr. Peck himself swears that Mr. Veeder came into his office and claimed that an injustice had been done to his client. He

then says: "I immediately ordered the meter replaced, pending an investigation. I ordered the wires reconnected." The only inference possible from this evidence is that the order was made in the presence of Mr. Veeder, whose knowledge would be deemed the knowledge of the plaintiff. It was unnecessary to give further notice to plaintiff. It appears, therefore, that, because the jury have failed to give effect to the charge of the court, the judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur; CHESTER, J., in result.