## In re FOX'S ESTATE.

(Supreme Court, Appellate Division, Second Department. March 19, 1915.)

1. COURTS ⬤⟼201—SURROGATE'S COURT—ISSUES TRIABLE.

Under Code Civ. Proc. § 2510, authorizing the Surrogate's Court, on the return of any process, to determine all questions arising between any of the parties to any proceeding, as to any matter necessary to be determined for a full disposition of the matter, petition for accounting by an executrix and testamentary trustee as to the trust property being filed, and it being necessary, under section 2727, subds. 1a, 3a, to enable petitioner to maintain the proceeding, that she be interested in the fund and execution of the trust, the court has jurisdiction to try the issues raised by the answer and reply; the first alleging a waiver and release of liability to account, and the second alleging execution of the waiver and release was procured by fraud.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 86, 87; Dec. Dig. ⬤⟼201.]

2. COURTS ⬤⟼202—SURROGATE'S COURT—SEPARATE TRIAL OF ISSUES.

Code Civ. Proc. § 973, providing as to courts of record, that the court in its discretion may order one or more issues to be separately tried prior to the trial of the other issues in the case, is applicable to the Surrogate's Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 480–486; Dec. Dig. ⬤⟼202.]

3. COURTS ⬤⟼202—SEPARATE TRIAL OF ISSUES—ACCOUNTING.

The Surrogate's Court should, on petition for an accounting by an executrix and testamentary trustee, in the first instance try the question of petitioner's right to maintain the proceeding, involved in the issues raised by the answer, alleging waiver and release of liability to account, and the reply, alleging fraud in the procurement thereof.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 480–486; Dec. Dig. ⬤⟼202.]

4. JURY ⬤⟼11—RIGHT TO JURY TRIAL—SURROGATE'S COURT.

There is no constitutional right of trial by jury, within Code Civ. Proc. § 2538, as to Surrogate's Courts, of the issues raised, on petition for accounting by an executrix and testamentary trustee, by the answer, alleging waiver and release of liability to account, and the reply, alleging fraud in procurement thereof.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 19–24; Dec. Dig. ⬤⟼11.]

Appeal from Surrogate's Court, Putnam County.

In the matter of the estate of George L. Fox, deceased. From two orders, Bessie L. Rubens appeals. Affirmed in part, and in part reversed and remitted.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Harry R. Kohn, of New York City, for appellant.

George C. Beach, of New York City, for respondent.

BURR, J. George L. Fox died February 17, 1904, leaving him surviving a widow, a son, and a daughter. He left a last will and testament, thereafter duly proved in the Surrogate's Court of the County of Putnam. He appointed his widow and Edward Wells, Jr., executors.

By his will all of the residue of his estate was given to his executors, in trust, for a term measured by the life of his son, George L. Fox, Jr., or his arrival at the age of 21 years. During this term, one-half of the income of the trust estate decedent directed to be paid to his widow; one-quarter, or so much thereof as might be necessary, he directed to be paid out for the support, maintenance, and education of his son; and the remainder, for the support, maintenance, and education of his daughter, the petitioner herein. The will further provided that when his son should reach the age of 21 years the trust should terminate, and that his estate should be divided into three parts, one of which should be paid to his said son, another to his said daughter, and the third invested for the benefit of his wife during her life, with remainder over to his said children, if they were then living. In 1906 the executors and trustees accounted, and their accounts were settled by a decree of the said Surrogate's Court, duly entered on March 24th of that year. No account has since been filed. In the meantime Edward Wells, Jr., one of the said executors and trustees, died, and decedent's widow married again and is now known as Bessie L. Rubens.

In November, 1914, Gladys M. L. Ainslie (formerly Gladys M. L. Fox), the said daughter of decedent, filed a petition, upon which a citation was issued directing the surviving executor and trustee to show cause why she should not file an account of her proceedings from and after the 19th day of February, 1906, which was the date of the last accounting. Upon the return of the said citation, she appeared and answered, setting up, among other things, that on the 17th day of September, 1913, and subsequent to the date when the said George L. Fox, Jr., became of age and the original trust contained in said will had terminated, all of the persons interested in the remainder entered into a mutual agreement for a distribution thereof in accordance with the terms of the said will; that at that time a full and complete accounting as to said estate was made, with the exception of one parcel of real estate, which was left in joint ownership and which was expressly excepted therefrom; that such distribution was then made, and at that time the parties, including the petitioner in these proceedings, executed and delivered a waiver of the filing of any account, and a general release to the surviving executrix and trustee from all liability ever to render any account respecting her administration of the estate, except as to the one-third thereof, as to which she was to have the income from the date when George L. Fox, Jr., attained his majority and during her life.

Although there seems to be no statutory provision authorizing the same, the petitioner, not without propriety, filed a reply to the affirmative matters set up by way of defense in said answer, and alleged that the execution of the said waiver and the said general release was obtained by fraud, deceit, and false representations, in that she was not truly advised as to the condition of said estate or the amount thereof, or the portion to which she was entitled, and that she had not received the same. To enable the petitioner to maintain these proceedings, it must affirmatively appear that she is "a person interested in the estate or fund," or a "person beneficially interested in the execution of any of the trusts," contained in the said will. Code of Civil Procedure, § 2727,

subd. 1, par. "a"; Id. subd. 3, par. "a." Without passing upon the questions raised by the answer to the petition and the reply thereto, the Surrogate's Court made an order requiring the sole surviving executor and trustee to render and file an account of her proceedings, as prayed for in said petition. From this order an appeal was taken.

[1] The issues thus raised are, in our opinion, triable in the Surrogate's Court. Code of Civil Procedure, § 2510; In Matter of Cary, 77 Misc. Rep. 606, 138 N. Y. Supp. 682; In Matter of Delgado, 79 Misc. Rep. 590, 141 N. Y. Supp. 198. By the section above referred to, the Surrogate's Court is authorized—

"upon the return of any process to try and determine all questions, legal or equitable. arising between any or all of the parties to any proceeding,   *   *   * as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires."

[2, 3] Having the jurisdiction, we think it was the duty of the court, in the first instance, to try and determine the question of petitioner's interest in the said estate. If such issues were decided in favor of the executrix and trustee, the petitioner is not entitled to maintain this proceeding as to any of said estate, except as to that still held in trust for the former widow of the decedent. While there is no express statute providing for the separate trial of issues in the Surrogate's Court, it is provided, generally, with regard to courts of record, that:

"The court in its discretion may order one or more issues to be separately tried prior to any trial of the other issues in the case." Code of Civil Procedure, § 973.

If statutory authority is needed for such separate trial, we think this provision sufficient. But the order here reviewed apparently decides in advance that the release is ineffective, without having listened to the evidence respecting the execution thereof. It would be involving the executrix in unnecessary expense, and would serve no useful purpose, to require her to file an account of her proceedings, if the petitioner is not entitled to maintain these proceedings.

We have not overlooked the fact that, as to that portion of the estate which, after the alleged division thereof, was to be held and invested for the benefit of the widow during her life, the petitioner at present has a contingent interest. Nor have we overlooked the statutory provision that the surrogate, of his own motion, may direct the testamentary trustee to make and settle an intermediate account of her proceedings. Code Civ. Proc., § 2724. The order as entered goes very much further than to require an account, intermediate or otherwise, with regard to the portion of the estate above referred to.

[4] We do not now consider the sufficiency or validity of section 2538 of the Code of Civil Procedure, as it is inapplicable to the present situation. There is no "constitutional right of trial by jury" of the issues raised by the answer and reply. At the same time, with the order directing the executor and trustee to account, the surrogate made another order, enjoining her from selling, assigning, transferring, pledging, or in any way disposing of any of the property, either real or personal, belonging to the said estate with the exception of the homestead.

property, then in possession of one William J. Brown under an option to purchase the same.

The executor and trustee has also appealed from this order, but states that she has no objection to the same, provided that acquiescence therein shall not be deemed to be a concession on her part as to the right of the petitioner to the order for an accounting. We do not think that it has any such effect.

Our decision will be that the injunction order of December 31, 1914, shall be affirmed, without costs, and that the order of the same date, requiring the surviving executor and trustee to account, shall be reversed, with $10 costs and disbursements, and the proceeding remitted to the surrogate of Putnam county for the preliminary trial of the issues raised by the new matter set up in the answer of the executor and trustee and the reply thereto, and without prejudice to an application for an accounting as to so much of the estate as is still held for the benefit of decedent's widow. All concur.