CENTRAL TRUST COMPANY OF NEW YORK, as Trustee under the Will of MARY E. DEWEY, Deceased, Respondent, *v.* SELINA L. DEWEY, Individually and as Executrix of WILLIAM P. DEWEY, Deceased, Respondent, and PROVIDENT LIFE AND TRUST COMPANY et al., as Executors of WILLIAM B. WOOD, Deceased, et al., Appellants.

*Central Trust Co.* v. *Dewey,* 179 App. Div. 112, affirmed.
(Argued May 14, 1918; decided May 28, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 7, 1917, modifying and affirming as modified a judgment of Special Term in an action for an accounting and to obtain a construction of the will of Mary E. Dewey, deceased. The testatrix, by her will, created a trust for the benefit of her two sons and directed: *" Fourth.* In the event of the death of either of my said sons leaving lawful issue from his body begotten him surviving, I direct that the interest of such deceased son in this special trust shall belong to and be paid over to such issue or their legal representatives as their absolute property, share and share alike. *Fifth.* In the event of either of my said sons dying without

lawful issue from his body begotten him surviving, Then and in that event, I direct that the interest of such deceased son in this special Trust shall immediately upon his decease be conveyed and transferred absolutely to the survivor and paid over to him at the times and in the manner hereinbefore provided to be paid to such deceased son while living, and I hereby authorize and empower my surviving son to convey by Will in such manner as he may direct any balance of this trust that may be remaining in the hands of my Trustees at the time of his decease, and at the termination of the lives of my said two sons, the trust hereinbefore created shall cease." One son died, without issue. Thereafter the other son, for a valuable consideration, assigned to each of two parties a full one-half portion of all his right, title and interest in and to the estate held for him under the will of his mother and agreed that a concurrent will made by him should be irrevocable. By a separate instrument, his wife approved of the sale and undertook and agreed to do all things possible to expedite the collection thereof. Said son thereafter died leaving a subsequent will in which he exercised the power of appointment which he had under his mother's will in favor of his wife. The appellants herein thereupon made claim to the trust fund under the son's assignment and his wife's agreement. The wife claims under the power of appointment exercised by her husband's last will. The Appellate Division held that the assignment and other documents executed by the son were enforcible only to the extent of his life interest and that the agreement of the wife confirming the transfer and sale was valid to that extent only; beyond that the agreement of the wife as well as the transactions between her husband and his assignees were illegal and unenforcible.

*Wolcott G. Lane, Peter B. Olney, Jr., William S. Creevey, Samuel H. Hofstadter, John M. Ward* and *Andrew F. Van Thun, Jr.*, for appellants.

*Lewis H. Freedman* and *Francis C. Nickerson* for plaintiff, respondent.

*Frederick Geller* and *F. De Lysle Smith* for defendant, respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CUDDEBACK, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.