In the Matter of the Application of PAULINE V. ROGERS for a Determination of Her Right under Section 18 of the Decedent Estate Law to Elect to Take against the Provisions of the Last Will and Testament of HENRY H. ROGERS, Deceased, and the Effect of Such an Election.

PAULINE V. ROGERS, Appellant; ADRIAN H. LARKIN and Others, as Executors of and Trustees under the Last Will and Testament of HENRY H. ROGERS, Deceased, and Others, Respondents.

Second Department, February 19, 1937.

*C. Alexander Capron* [*Ramsey Clayton, William F. Hamilton* and *J. K. Taylor* with him on the brief], for the appellant.

*Henry A. Uterhart* [*Alfred M. Schaffer* with him on the brief], for the respondents Adrian H. Larkin and Albert Stickney, as executors and trustees, etc., of Henry H. Rogers, deceased.

*Hersey Egginton* [*Harold A. Donegan, Thomas F. Dougherty, George D. Mumford* and *Arthur W. Siegrist* with him on the brief], for the respondent Central Hanover Bank and Trust Company, corporate executor and trustee, etc., of Henry H. Rogers, deceased.

*Walter D. Fletcher* [*J. Hutton Hinch* with him on the brief], for the respondents Adrian H. Larkin, William R. Coe and City Bank Farmers Trust Company, trustees under the will of Henry H. Rogers, Sr., deceased.

*Nathan O. Petty*, special guardian for Ramos infants, respondents.

*John Caldwell Myers*, special guardian of Peter Salm, respondent·

*Thomas D. Thacher* [*H. Clinton Corwin* with him on the brief], for the respondent Millicent Rogers Balcom.

CARSWELL, J.   The petitioner, Pauline V. Rogers, was the third wife of the decedent, Henry H. Rogers, Jr., who was likewise her third husband.   They were married in Southampton on August 28, 1933.   On that day, immediately after the marriage, Rogers executed a will and the petitioner executed a waiver under section 18 of the Decedent Estate Law.   Some time before, the decedent's proposed will was examined by a lawyer of the wife's own selection and the execution of the waiver was upon his advice.

Decedent later decided to change his testamentary provisions of August 28, 1933, for the benefit of his son; and, as a consequence, a new will was executed by the decedent on January 13, 1934, at which time a new waiver under section 18 of the Decedent Estate Law was executed by the wife.   The decedent died on July 25, 1935, possessed of a vast estate and the power of appointment over property exceeding $10,000,000, passing under his father's will.

After her husband's death and the probate of his will, the petitioner moved to set aside the instrument of January 13, 1934 (wherein she waived her right of election to take against the testator's estate), and for kindred relief.   She alleged many grounds, but upon the trial the chief issue of fact was whether or not the waiver of January 13, 1934, was the product of fraud, constructive or actual. The surrogate decided that there was no fraud and that the waiver was valid and enforcible, and that, so far as the trustees of the estate of the decedent's father, under whose will the decedent had a power of appointment, were concerned, the Surrogate's Court of Suffolk county had no jurisdiction thereof.   From those decrees petitioner appeals and advances numerous contentions to sustain her assertion that the waiver of January 13, 1934, is invalid.   Every contention has been examined and considered.   Some lose importance as a result of factual findings.   It will suffice to state somewhat summarily our conclusions on decisive phases.

(1) As to whether or not a presumption arises against a husband in a transaction such as is here involved.   There are cases, where the subject-matter involved was the property of a husband, which hold that transactions respecting such property did not give rise to any presumption against the husband, or did not, from the mere relationship (husband and wife), generate constructive fraud. (*Donlon* v. *Donlon*, 154 App. Div. 212; *Green* v. *Benham*, 57 id. 9, 14.)   The true rule respecting such presumptions or burden of proof seems to be (*Cowee* v. *Cornell*, 75 N. Y. 91, 101) that it is a " question of fact dependent upon the circumstances in each case.   There is no presumption of inequality either way from these relations merely."   But when it appears *prima facie* that

the parties have been dealing with each other under circumstances of inequality, then a presumption arises as against the husband, especially if the transaction has resulted in detriment to the wife. Here, when compared with the transaction of August 28, 1933, there was a relatively slight detriment to the wife (of which she was apprised) resulting from the transaction of January 13, 1934, with its advantages to her in the appointed property, which the husband was free to withhold but did not; but that transaction, considered in its relation to the prior transaction of August 28, 1933, disclosed that the parties were not dealing with each other under circumstances of inequality.

(2) Assuming, without deciding, that the burden of proof on the issue as to the validity of the waiver was upon the representatives of the testator, the evidence established its validity. The petitioner long followed the commendable practice of seeking legal counsel when present or future property rights were likely to be affected by any act of hers or when she did not fully understand the consequences. At the time the waiver was executed the petitioner was a woman of intelligence, varied experience and mature judgment. In prior litigation a like judicial conclusion ensued. (*Dresser* v. *Dresser*, 164 Okla. 94; 22 P. [2d] 1012.) The evidence established that when she acted she did so " with a clear comprehension of the object and effect of the agreement " or instrument of waiver (*Graham* v. *Graham*, 143 N. Y. 573, 580); and that there was no fraud by either misrepresentation or concealment. The petitioner does not claim there was any antenuptial agreement when the first waiver was executed. She was then represented by an experienced lawyer of her own choosing. It is to be presumed that he discharged his duty to her by disclosing the true character and effect of the first will. (*Henry* v. *Allen*, 151 N. Y. 1, 9.) She thus had actual or constructive knowledge of every element affecting her interests contained in that will or the second will so far as they were alike. The principal's knowledge was co-extensive with that of the agent. (*Henry* v. *Allen, supra; Cox* v. *Pearce*, 112 N. Y. 637; *Westervelt* v. *Haff*, 2 Sandf. Ch. 98; *Stone* v. *Schenectady Railway Co.*, 99 App. Div. 44; *Isaacs* v. *Schmuck*, 218 id. 516.) The knowledge thus possessed by her in connection with the first transaction, that of August 28, 1933, continued with her when the new transaction of January 13, 1934, occurred. A principal is deemed to continue to have the knowledge obtained in a first transaction " in all subsequent transactions of the same character between the same parties." (*Cox* v. *Pearce, supra*, p. 641.) Every fact of which she thus had knowledge as a consequence of the first transaction continued with her in the new transaction, which was merely a replacement

of the first will and waiver by a new will and waiver with certain changes, of which she was fully apprised. The cases, of which *Blackburn, Low & Co.* v. *Vigors* (L. R. [1887] 12 A. C. 531) is typical, are not to the contrary.

(3) In computing the intestate share of the testator's estate to which petitioner would become entitled if the waiver had not been executed or was the product of fraud, the property over which he had the power of appointment may not be considered. The power of appointment does not constitute an estate possessed by the donee of the power within the provisions of the Decedent Estate Law. The exercise of such a power by a donee does not relate to an estate vesting in the donee. The donor merely utilizes the donee as an instrument for the devolution of the title of his, the donor's, property. (4 Kent Comm. [14th ed.] p. 337; *Matter of Stewart*, 131 N. Y. 274, 281; *Matter of New York Life Ins. & Trust Co.*, 209 id. 585.)

(4) The transaction of January 13, 1934, the execution by the testator of the will and the execution of the waiver by the petitioner constituted a single transaction, just as the prior transaction of August 28, 1933, of a similar character, constituted a single transaction. The ingredients of that transaction may not be segregated and treated as separate transactions by way of frustrating the obvious intention of the parties that the dealings at that time were to be treated as and deemed to be a single transaction.

(5) The testator dealt liberally with the petitioner in making, out of his own estate, the lavish provisions for her contained in the will of January 13, 1934. In this testament he also gave her a one-third interest in the property of which he had the power of appointment. Petitioner had no legal right to assert a claim against this latter property as of the date of her husband's death, if he saw fit to appoint it to others.

(6) The surrogate had jurisdiction to pass only upon the property involved in the power of appointment in so far as it related to the estate of the donee of the power. Beyond that, the court was without jurisdiction, and, therefore, the petition was properly dismissed in so far as the trustees of the estate of Henry H. Rogers, Sr., were concerned. The *res* were in New York county. The surrogate of that county has jurisdiction since that was the domicile of Rogers, Sr., the county in which probate of his will was had, and the situs of the personal property passing thereunder.

(7) The rulings on evidence involved no prejudicial error.

(8) The petitioner was not entitled to a jury trial as of right. (*Matter of Cook*, 244 N. Y. 63; *Matter of Fox*, 166 App. Div. 718.)

The decrees dismissing petition to set aside waiver executed by the petitioner under section 18 of the Decedent Estate Law and dismissing the petition as against the trustees under the will of the testator's father should be affirmed, with a separate bill of costs, payable out of the estate, to each respondent filing a brief.

Present — LAZANSKY, P. J., CARSWELL, DAVIS, ADEL and TAYLOR, JJ.

Decrees of the Surrogate's Court of Suffolk county unanimously affirmed, with a separate bill of costs, payable out of the estate, to each respondent filing a brief.