In the Matter of the Application of IRVING TRUST COMPANY and THOMAS F. McGLONE, JR., as Executors under the Last Will and Testament and Codicil

Thereto of JOHN J. McGLONE, Deceased, for a Determination of the Right of HELENA DAY McGLONE to Elect under Section 18 of the Decedent Estate Law to Take against the Provisions of Said Last Will and Testament and Codicil Thereto of JOHN J. McGLONE, Deceased. IRVING TRUST COMPANY and THOMAS F. McGLONE, JR., as Executors, etc., of JOHN J. McGLONE, Deceased, and EDWARD McGLONE and ROBERT McGLONE, Infants, etc., by GEORGE A. VOSS, Special Guardian, and IGNATIUS V. McGLONE, Appellants; HELENA DAY McGLONE, Respondent.— Order of the Surrogate's Court of Kings county granting reargument and, in substance, denying petitioners-appellants' motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements to each party or group of parties filing briefs, payable out of the estate. The petition and answer tender an issue which should be tried. In the opinion of this court no presumption exists by reason of the relation existing between the parties at the time the paper writing was made and delivered. (*Matter of Rogers*, 250 App. Div. 26.) The burden of pleading inequality, fraud or overreaching is upon the widow. The burden of proof on the whole case is upon the petitioners-appellants, and the widow is not required to go forward with evidence unless and until the petitioners-appellants have made out a *prima facie* case under the pleadings as they now stand. (*Murray* v. *Narwood*, 192 N. Y. 172.) Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur. [166 Misc. 636.]