In a proceeding requesting a judicial settlement of the account of the executor of decedent’s estate, the setting aside of a release dated September 26, 1945, and a construction of the will, Henry Meyer appeals from a decree of the Surrogate’s Court, Nassau County, dismissing his petition, without prejudice, on the ground that the Surrogate’s Court has no jurisdiction of the subject matter of the petition. Appellant is not a legatee or distributee of the éstate. Therefore he is not entitled to a construction of the will. The theory on which he seeks a construction was properly held by the Surrogate not to be cognizable in that court, but solely in the Supreme Court. However, in dismissing the petition in its entirety, the Surrogate overlooked the fact that that court has jurisdiction, as part of the accounting proceeding, to determine whether or not petitioner is a creditor, and, in the determination of that question, to pass on the validity of the release executed September 26, 1945. (Matter of Fox, 166 App. Div. 718; Heavner v. Clarke, 229 App. Div. 786.) Decree reversed on the law, without costs, and the matter remitted to the Surrogate’s Court to pass on the question as to whether the release should be set aside and, if so, whether there should be a compulsory accounting. Nolan, P. J., Johnston, Sneed, Wenzel and MaeCrate, JJ., concur.