William J. Regan, S.
During the pendency of the judicial settlement proceeding instituted by the Manufacturers and Traders Trust Company as successor trustee of the trust for the benefit of Evelyn Rumsey Lord, created under the will of Evelyn Rumsey Cary, this court determined that the question as to the validity of the exercise of the power of appointment should first be heard and at this time it is considering that question.
The original donor of the power, Bronson C. Rumsey, in his will probated in 1905, gave his daughter, Evelyn Rumsey Cary, a special power of appointment, ‘ ‘ provided always that my said daughter shall not, by her last will and testament, dispose of more than a fourth part of the share so set apart for her benefit to any person or persons not connected to her by blood, and any testamentary disposition thereof in violation of this clause shall be void”.
Evelyn Rumsey Cary died April 20, 1924 leaving her will dated July 25, 1922, which was admitted to probate on June 7, 1924. In this will Mrs. Cary validly exercised that unrestricted portion, the one fourth which might be left to “persons not connected to her by blood”, by leaving this portion to her husband. As to the other three fourths, the restricted portion, she, in effect, postponed the exercise thereof by giving same to Evelyn Rumsey Lord, her niece, for life, with the power of appointment, “to dispose of the property making up said trust fund, or any part thereof, by her will duly executed, giving the same to any member or members of my family who are connected to me by blood, or to any society or association organized and incorporated for charitable, educational or artistic purposes in the City of Buffalo.”
Thus it appears that the restrictions as laid down by the original donor were varied to the extent of offering to Evelyn Rumsey Lord a choice of following Bronson C. Rumsey’s restrie *931 tions or exercising said power in a manner not contemplated or permitted by said original donor’s power of appointment.
Evelyn Eumsey Lord left a will dated November 22, 1955 which was admitted to probate in this court in 1963. In this will Evelyn Eumsey Lord exercised the power of appointment granted her in the will of Evelyn Eumsey Cary by disposing of one half among certain blood relatives and the other one half of the remainder of the trust to the Buffalo Foundation for the purpose of promoting the arts at the University of Buffalo.
It is the court’s determination that this is an invalid exercise of the original power of appointment; that the bequest to charity was not a permissible object of the original power granted by the donor, Bronson C. Eumsey. “ The power must be exercised in the manner and within the limitations prescribed by the instrument creating the power.” (Central Trust Co. v. Dewey, 223 N. Y. 726; Matter of Kennedy, 279 N. Y. 255.) “ Generally speaking, the appointive power is not deemed an asset of the donee of the power unless the instrument creating the power so provides. The rationale for not treating the appointive property as an asset of donee’s estate is that, in disposing of property by powers, the donor merely utilizes the donee as an instrument for the devolution of the title of his, the donor’s, property.’ ” (Matter of Rogers, 250 App. Div. 26; Matter of Delano, 176 N. Y. 486; 2 Fingar, Bookstaver and McQuaid, New York Wills and Trusts, § 13:05, p. 1604.) “ In view of the well established rule that the instrument creating the power and the one exercising it, that is the wills of the donor and donee, respectively, must be read together and the validity of the exercise of the power determined accordingly.” (Bishop v. Bishop, 257 N. Y. 40.) “ The will of the donor must be first carefully studied and analyzed to determine the prescribed mode of exercise of the power ”. (2 Fingar, Bookstaver and McQuaid, New York Wills and Trusts, § 13:06, p. 1608.)
The petitioners’ and allied counsels’ arguments that no one raised the question in 1924 upon the probate of Evelyn Eumsey Cary’s will and therefore estoppel lies, does not move this court to alter its determination. Evelyn Eumsey Lord had a choice in her given power and it was upon her that the obligation should fall as to compliance with the original restriction. Those interested in Evelyn Eumsey Cary’s will in 1924 had no obligation to warn concerning the possible attempt to evade the original donor’s restrictions, which is all that might have been evident to them at that time.
*932 Section 177 of the Real Property Law and new section 152 of the same law, which will supersede the former section June 1, 1965, indicate clearly that where the exercise of a power of appointment by a donee is partially void because it exceeds the power, only the void portion of the appointment will ordinarily be held to be ineffective. Consequently, those bequests arising from the valid exercise of the power in the wills of Evelyn Rumsey Lord are to be considered effectively made but, as determined in this court’s original decision, the second question as to the ultimate beneficiaries of the invalid portion must now be determined.
The court will hear arguments of counsel as to that question on February 15, 1965 at 11:00 a.m., or on such other date as counsel and this court may agree.